

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ROBERT CHUCKU WHITE,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN PHELPS,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§　Civil Action No. 8:20-03668-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISING THE PETITION WITHOUT PREJUDICE**

Pending before the Court is Petitioner Robert Chucku White's (White) pro se habeas corpus petition under 28 U.S.C. § 2241 (petition). This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting White's petition be dismissed without prejudice and without requiring Respondent Warden Phelps (Phelps) to file an answer or return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed her Report on December 1, 2020. The Clerk of Court docketed White's first set of objections on February 12, 2021, and a second set on February 23, 2021, which also included a motion for a temporary restraining order and preliminary injunction. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

White "commenced this action by filing a hand-written document styled as a habeas petition under 28 U.S.C. § 2241." Report at 2. The Magistrate Judge, upon review of the document, "concluded that [White]'s allegations appeared to be related to the conditions of his confinement." *Id.* Accordingly, the Magistrate Judge notified White "that it was unclear to the Court whether he intended to assert a habeas claim under [Section 2241] or a civil rights claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (a '*Bivens* claim')." *Id.* White subsequently filed a Section 2241 petition on the standard court form. Consequently, the Magistrate Judge "construe[d] the original hand-written document . . . and the petition on the standard court form . . . together as the [p]etition in this matter." *Id.*

White, in his petition, challenges a sexual predation code (code) that "violates his rights because it was placed on his record without notice, without him having committed a prohibited act, and without [a Special Investigative Service] investigation, causing him to be forced into cells with other inmates with whom he is not compatible." *Id.*

As to the relief White seeks, he asks "that the Court order the psychology department to expunge the [code] and enter an injunction prohibiting the psychology department from violating

his constitutional rights and allow him to be housed with transgender and/or LGBT inmates." *Id.* at 3–4.

The Court, liberally construing White's objections, identifies a single objection. White objects to the Magistrate Judge's conclusion he is unable to obtain relief under a Section 2241 petition. White, to the contrary, argues a Section 2241 petition is the appropriate means with which to obtain the relief he seeks.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Examples of appropriate uses of Section 2241 petitions include actions challenging the computation of parole or the computation of good time or jail credits. *See Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990) (noting the "proper way to seek review of the Parole Commission's decision is by a petition for a writ of habeas corpus under 28 U.S.C. § 2241[.]"); *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (commenting although "the Attorney General, not the court, has the authority to compute sentence credits for time in detention prior to sentencing[,] . . . [t]he district court may, however, grant petitioner relief under 28 U.S.C. § 2241.").

Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. For an inmate to challenge the conditions of his confinement, he must file a *Bivens* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (noting a *Bivens* action "is a proper remedy for a [federal] prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

The Magistrate Judge, in her Report, notes White "seeks to have his [code] removed and asks to be housed with other transgender inmates or members of the LGBT community" and his claims fail to "impact the fact or duration of [his] confinement and instead relate solely to the conditions of his confinement." Report at 6. The Court agrees with the Magistrate Judge's sound legal analysis. In White's petition, he challenges specific conditions of his confinement, namely his custody classification. A Section 2241 petition is not an appropriate vehicle with which to bring such claims. Consequently, the Court does not have jurisdiction under Section 2241 to consider White's claims, and his objection will be overruled.

Furthermore, in White's motion for a temporary restraining order and preliminary injunction, he seeks injunctive relief in this Court pertaining to his treatment at his current place of incarceration in the state of California, Federal Correctional Institution Terminal Island (Terminal Island). But, this Court is unable to provide him such relief because his current complaint fails to make allegations relating to Terminal Island. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). As to those claims, he must file a complaint against the appropriate Terminal Island defendants in his jurisdiction. *See generally id.* Accordingly, White's motion for a temporary restraining order and preliminary injunction will be dismissed without prejudice.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules White's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court White's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Phelps to file an answer or return. And, White's motion for

a temporary restraining order and preliminary injunction is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 14th day of June 2021, in Columbia, South Carolina.

                                           s/ Mary Geiger Lewis
                                           MARY GEIGER LEWIS
                                           UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.